THE STATE OF MISSOURI, Respondent, *v.* HENRY ROHLFING, Appellant.

*Slaves—Criminal Practice.*—In an indictment for dealing with a slave without the consent in writing of his owner or master, it is sufficient to allege a single instance of such dealing, as by the borrowing of money of such slave and the giving him a note therefor. (R. C. 1855, p. 1477, § 33.)

*Appeal from Moniteau Circuit Court.*

*Wm. Douglass,* for plaintiff in error.

I. The indictment charges but one specific act, viz., borrowing money and giving a note for the same.

This is not dealing. To deal implies a multitude of acts and is a continuing transaction.

The indictment is founded on sec. 33, R. C. of 1855, p. 1477. There are two distinct offences prohibited in this section, viz :

1. Buying of, selling to, or receiving from a slave any commodity, without the consent in writing of the master, owner or overseer first had and obtained ;" and,

2. Dealing with a slave without such consent. If the act charged in the indictment to have been committed by the defendant, was an offence for which an indictment would lie, it was an offence under the first clause of section 33, and upon that clause he should have been indicted.

The act charged in the indictment is not dealing. (State v. Hunter, 5 Mo. 360 ; State v. Martin, 5 Mo. 361 ; State v. Herke, 19 Mo. 225 ; State v. Cox, 32 Mo. 566 ; State v. Whittaker, 33 Mo. 459.)

II. The court also erred in permitting the witnesses to testify in reference to the notes alleged to have been made by

the defendant, without having the notes before them at the time of testifying. (Neal v. McKinstry, 7 Mo. 128.)

*Welch*, Attorney General, for defendant in error.

I. The indictment is sufficient under sec. 33, of article I, "Act concerning slaves," 2 R. C. 1855, p. 1477. It is not necessary under an indictment for "dealing" with a slave, that such a dealing should be alleged or proven, such as might be necessary in an indictment against a merchant for "dealing without license." The act of defendant, as proven, is a sufficient "dealing" under this statute.

II. The evidence was legal and proper. It was not necessary that the witnesses should have the note testified of by them before them at the time of the testimony, since they were not detailing their own knowledge of the contents of such note, but were detailing the admissions of the defendant himself, and such admissions were competent evidence.

BATES, Judge, delivered the opinion of the court.

The appellant was indicted in the Moniteau Circuit Court for dealing with a slave, by borrowing money from the said slave, and executing and delivering to said slave his note for the same, without permission in writing from the *master*, owner or owners of said slave.

The appellant moved the Circuit Court to quash the indictment, upon the ground that it did not charge any offence against the laws of the State, the specific objection being that a single act of borrowing money from the slave, and giving his note therefor, did not constitute *dealing*. The court overruled the motion, as we think properly. The statute is entirely different from the act which prohibits dealing as a merchant without license, the cases in reference to which have been cited by appellant. A single transaction may well be a *dealing* with a slave within the meaning of the act which forbids such dealing.

The appellant was then tried and convicted. At the trial, the respondent proved that two notes had been found in the

possession of the slave, which purported to have been signed by the appellant, and that the appellant admitted to the witnesses, that he had borrowed the money of the negro, and given him his notes for it. This testimony was objected to, because the notes themselves were not produced, and the objection was overruled.

The particular tenor and effect of the notes was of no importance. The substance of the offence was the dealing with the slave, by borrowing money from him and giving him a note. These were established by proof of the admissions of the defendant himself. Possibly if the defendant had not admitted that he gave the notes, it would have been necessary in order to establish that they had been given by the defendant to produce them if possible; but, as the case stands, the testimony as to their being found in the possession of the slave seems to have been only preliminary to the proof of the defendant's admission in respect to them. The testimony was properly admitted; no point is made upon the instructions and we perceive no error in them.

The judgment is affirmed. Judges Bay and Dryden concur.